# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Robert J. Gallagher
Plaintiff

Civil Action No. _____

v.

Western Union
Defendant

Martha Coakley
Defendant
As Attorney General
of Massachusetts

Bench Review
Jury Trial Demanded

# COMPLAINT

### IN THE NATURE OF MANDAMUS - ALTERNATIVE PLEADINGS

# Parties

1. The Plaintiff is a resident of Marlborough, Massachusetts, Middlesex County and a citizen of the United States.
2. Defendant # 1 is Western Union of Bridgeton, Missouri 63044, St. Louis County and a corporation doing business in the United States.
3. Defendant # 2 is Martha Coakley in her capacity as Attorney General of the Commonwealth of Massachusetts.

(Given the complexity of this matter, Plaintiff includes both Massachusetts Attorney General and Western Union as Defendants, seeking to be made whole by Western Union and seeking to clarify an immiment matter which constitutes a legally-protected interest applicable to other Massachusetts consumers and to several other consumers within the United States.)

## Jurisdiction

4. This Court has jurisdiction over this matter pursuant to:

a. *Federal Question*: U.S. Const, Art. III, Sec 2, and 28 U.S.C.A. , 1331;

b. (28 U.S.C. § 1332) Forty-eight states and the District of Columbia (via each Attorney General) are affected by this cause of action, framing this suit as a nation-wide diversity of citizenship;

c. *The Mandamus Act*: 28 U.S.C. § 1361; [(28 U.S.C. § 1391(e);]

d. Restatement, Second Contracts, 3;

e. *Consumer Protection* MGL c. 93A, s 9

f. *Public Policy Doctrine* United Paperworkers International Union v. Nisco, Inc., 484 U.S. 29, 108 S. Ct. 364, 373, 98 L.Ed.2d 286).

g. Massachusetts Consumer Protection Act s 2

h. *Mandamus Precedent*: Mass. Gen. Laws Ann. ch. 272, § 99 (West 1996). *For example, in Massachusetts, each year the Commonwealth's attorney general and each district attorney must make available to the public a report on wiretaps and other interceptions of oral communications conducted by law enforcement officers. If the report is not made available, any person may compel its production by filing an action for mandamus.*

## Standing

5. The plaintiff resides at 688 Boston Post Rd. East, Unit 103, Marlborough, Middlesex County, MA and is a citizen of both Massachusetts and the United States. Plaintiff is personally affected by Attorney's General's actions and inactions and by the Agreement between the Attorneys General and Western Union.

included a memo from LVR, the individual whose email address had been fraudulently used (Exhibit G).

12. On August 12, 2010, P discussed the matter with Western Union's Linda Rigby at 636-866-0809 and was told that Western Union was adamant in assuming no responsibility for the fraudulent transaction. P asked Rigby for a <u>copy of the identification provided at the time of fraud</u>, arguing that the Agreement between WU and Attorneys General states that such information is "regularly collected and stored in the Company's consumer fraud database" (<u>Exhibit A</u>). Rigby replied that WU has no such data and, even if they did, they would not release it.

# Facts

# B. Pertaining to Attorney General's Office

1. On September 2, 2010, P filed an online CONSUMER COMPLAINT with the Massachusetts Office of the Attorney General (<u>Exhibit H</u>).

2. On September 3, 2010, Attorney General Public Inquiry and Assistance Center assigned the Complaint to the Natick Office (<u>Exhibit J</u>).

3. During October, 2010, P had three to four telephone conversations with the AG Natick Office of Consumer Assistance, which stated in effect: "We have talked with Western Union and they say they are not responsible and so we can do nothing; our hands are tied. Western Union says <u>they do not have a copy of the fraudulent ID and, even, if they did, they would not provide you with it</u> due to privacy considerations. Western Union says that the passport looked real and that settles it for this office."

4. Plaintiff cited, over the telephone, an excerpt from the 2005 Agreement Between Western Union and Forty Eight Attorneys General to the Consumer Office Representative:
"Whenever a U.S. consumer advises or complains to Western Union that a money transfer has been induced by fraud or deception, the Company, where practicable, will seek the consumer's permission to share the complaint information with the United States law enforcement officials, and <u>will upon request of the appropriate Office of the Attorney General provide the available complaint information, promptly and in electronic form, to the Office of the Attorney General</u> in the State in which the consumer resides and, if known, where the recipient is located; ... By available complaint information is meant the following information relating to transactions from computer equipped agents which is <u>regularly</u>

collected and stored in the Company's consumer fraud database: the name, address and telephone number of the transferor; the date and amount of the transfer; the designated recipient, **the identification, if any, presented by the recipient of the transfer**; the date and actual location of receipt; and the nature of the consumer's complaint (Section 11, emphasis added)" (Exhibit A).

5. Attorney General Consumer Office Representative said she wasn't an attorney and had not read the Agreement. After much coaxing, Representative indicated P could fax the information to her, though she was certain her Office could do nothing (though she had not yet read the document).

6. On October 5, 2010, having been told that the Consumer Office "can do nothing", Plaintiff emailed and certified-mailed Attorney General's Office, stating that P wishes "to contest Western Union's denial of responsibility by acquiring and viewing a copy of the alleged passport presented" (Exhibit K).

7. Plaintiff further requested that Attorney General "inquire of the appropriate federal office whether Western Union has, in fact, filed this occurrence with the U.S. Government, as indicated in the Agreement signed by former Attorney General Reilly and Western Union; that would include, of course, a copy of the alleged passport" used in the fraud (Exhibit K).

8. Finally, in the same October 5 memo, Plaintiff requested that the Attorney General, "in keeping with the 2005 Agreement signed by its office, request of Western Union the available complaint information, especially a copy of the alleged passport which Western Union agreed to keep in its fraud files (Exhibit K). To this date, there has been no reply to the memo, not even acknowledgement of receipt.

9. On October 8, 2010, at 01:32, as promised, P faxed the Agreement information to the AG Consumer Office at 1-508-229-0997 from STAPLES 1-508-229-2011, Serial # 000J9N143519 (Exhibit L). The Consumer Office continues to insist that it has no jurisdiction. When asked to forward the data to the Attorney General's Office for jurisdiction, the agent replied: "Our hands are tied."

10. On October 12, 2010, having received no reply from the Attorney General's Office acknowledging receipt of the October 5, 2010 memo re its jurisdiction over Western Union (a jurisdiction the Consumer Protection Office stated it lacked), Plaintiff once again sent the same memo to the Attorney General's Office- again, with no acknowledgement of receipt (Exhibit M).

11. On October 18, 2010, AG Consumer Protection Office refused to put its rationale in writing but agreed to mail Plaintiff a form memo which took no responsibility whatsoever for its decision and cited no statutes:

"Despite our efforts to help resolve your complaint against Western Union, we have not succeeded in bringing about the result you sought. I am very sorry that we could not be of more assistance to you in this matter s/Anne Roman for Helen, Complaint Mediator" (Exhibit N).

12. On November 2, 2010, Plaintiff emailed Notice of Intent to seek relief in U.S. District Court to the Attorney General's Office, c/o Melissa Armstrong (Exhibit P). To this date there has been no acknowledgement of receipt.

13. On October 19, 2010 and again on November 2, 2010, Plaintiff emailed Notice of Intent to seek relief in U.S. District Court to Western Union (Exhibit Q). To this date there has been no acknowledgement of receipt, though the Attorney General continues to give press conferences regarding her commitment to Consumer Protection.

## Claim for Relief.

1. In 2005, Western Union signed an Agreement with Forty-eight state and D.C. Attorneys General, including Massachusetts (http://women.iowa.gov/images/pdfs/WU_Agreement.pdf) (Exhibit A).

2. Attorney General-signed Agreements come under Administrative Law and, therefore, have the force of law. The distinction between Agreements and Contracts is not firm. An Agreement is a manifestation of mutual assent on the part of two or more persons as to the substance of a contract (Restatement, Second, Contracts, 3).

3. The Agreement between Western Union and the Office of the Attorney General places the public in a classic Catch 22 position of imminent injury:
(a) by the very language of the Agreement, the individual consumer is precluded from litigating Western Union (Exhibit A, Page One Footnote).
(b) the Massachusetts Attorney General, the only one authorized by the Agreement to enforce the Agreement, is stonewalling the process by insisting that nothing can by done by its own Office while refusing to cite why nothing can be done. This legal stalemate puts the Plaintiff consumer- as well as other consumers- in an imminent injury bind.

4. The Agreement's *prima facie* intent is to protect Massachusetts and other U.S. citizens and consumers from further abuses at the hands of Western Union policies and practices (http://women.iowa.gov/images/pdfs/WU_Agreement.pdf) (Exhibit A).

5. The nature, text, and broad distribution of the document, throughout virtually the entire nation, contains a *prima facie* demand to be enforced.

6. The *Public Policy Doctrine* demands a resolution to this imminent and broad danger (United Paperworkers International Union v. Nisco, Inc., 484 U.S. 29, 108 S. Ct. 364, 373, 98 L.Ed.2d 286).

7. Section 11 of the Agreement document reads:
Sharing of Complaint Information: "Whenever a U.S. consumer advises or complains to Western Union that a money transfer has been induced by fraud or deception, the Company, where practicable, will seek the consumer's permission to share the complaint information with the United States law enforcement officials, and will upon request of the appropriate Office of the Attorney General provide the available complaint information, promptly and in electronic form, to the Office of the Attorney General in the State in which the consumer resides and, if known, where the recipient is located; ... By available complaint information is meant the following information relating to transactions from computer equipped agents which is regularly collected and stored in the Company's consumer fraud database: the name, address and telephone number of the transferor; the date and amount of the transfer; the designated recipient, the identification, if any, presented by the recipient of the transfer; the date and actual location of receipt; and the nature of the consumer's complaint (Section 11, emphasis added)" (Exhibit A, Section 11).

8. The Agreement further states: "Nothing in this agreement shall be construed as authorizing any person or entity other than the state acting through its Attorney General to enforce or seek remedies under this Agreement or as the result of the Agreement or of a breach thereof" (Agreement, FN 1).

9. In other words, consumers who seek remedies from fraud via the powerful, nation-wide Western Union are totally at the mercy of their own state Attorney General, powerless to seek relief in any other way than via their Attorney General.

10. If the Attorney General fails to enforce the Agreement, which is the situation in Massachusetts, there exists "the potential for some special risk of irreparable harm," together with "clear entitlement to the relief

requested." 990 F.2d 653, 25 Fed.R.Serv.3d 5, In re Donald PEARSON, et al., Petitioners, No. 92-2158. United States Court of Appeals, First Circuit, March 16, 1993. Recticel, 859 F.2d at 1005-06; accord United States v. Sorren, 605 F.2d 1211, 1215 (1st Cir.1979). On the latter prong, the petitioner must usually establish a "clear and indisputable" right to the requested relief, Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953) (quoting United States v. Duell, 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899)).

11. Also, if the Attorney General does not enforce the Agreement on behalf of citizen-consumers to which she has a duty, which is the situation in Massachusetts, the potential for mischief is so great ... that immediate relief by way of mandamus is warranted. See, e.g., La Buy v. Howes Leather Co., 352 U.S. 249, 256, 77 S.Ct. 309, 313, 1 L.Ed.2d 290 (1957); National Org. for the Reform of Marijuana Laws (NORML) v. Mullen, 828 F.2d 536, 541-42 (9th Cir.1987).

12. Plaintiff- and other consumers throughout the United States- are between a rock and a hard place- and on a slippery slope- given (a) this Agreement which prohibits individual action and (b) at least one Attorney General's failure to enforce its Agreement.

13. The Agreement signed by Western Union and forty-eight Attorneys General precludes any plaintiff from seeking relief independently of his/her Attorney General: "Nothing in this agreement shall be construed as authorizing any person or entity other than the state acting through its Attorney General to enforce or seek remedies under this Agreement or as the result of the Agreement or of a breach thereof" (Agreement, FN 1).

14. Not only is a plaintiff precluded from seeking relief via a breach of the Agreement by Western Union. He/she is also precluded from holding Western Union accountable for its Agreement declaration that information is "regularly collected and stored in the Company's consumer fraud database" which includes the document required by the plaintiff to seek relief, i.e., "the identification, if any, presented by the recipient of the transfer"- a document which Western Union insists it doesn't have, a violation of its statement in the Agreement (Section 11) that it keeps such records "regularly" and, even if it had the document, would not release it.

15. The only manner in which a Plaintiff may seek relief, then, is via his own Attorney General. The Massachusetts Attorney General, for whatever reason, refuses to enforce this Agreement, setting a precedent that Western Union- instead of being held accountable for its actions- is protected by the Attorney General. And, consumers, instead of being protected by their Attorney General, are further inhibited by the Agreement itself from their own individual causes of action.

16. The consumer, then, is denied relief due to a double bind:
(a) The Agreement precludes any potential plaintiff from pursuing any cause of action individually
(b) The Attorney General will not enforce the Agreement.
(c) Given the above, remedies have been exhausted (<u>Sadowski v. U.S. INS</u>, 107 F. Supp 2d 451 (S.D.N.Y. 2000), and citations therein).

17. In such circumstances, it takes the extraordinary action of a Court Order to provide a remedy for consumers who view themselves as injured by Western Union. <u>A document once intended to protect the consumer now becomes a document that restrains and inhibits the consumer at the hands of his/her own Attorney General.</u> In this case, only the Courts can grant consumers a level playing field with the powerful Western Union.

18. The petitioner contends that permitting the Agreement to stand- and permitting the Attorney General's decision not to enforce the Agreement to stand- would leave "legitimate interests unduly at risk." In such a situation, the mandamus can be issued in a mandamus proceeding, independent of any judicial proceeding.

19. Generally, such a petition for a mandamus order is made to compel a judicial or government officer to perform a duty owed to the petitioner. There is already precedent in this matter. For example, in Massachusetts, each year the commonwealth's attorney general and each district attorney must make available to the public a report on wiretaps and other interceptions of oral communications conducted by law enforcement officers. If the report is not made available, any person may compel its production by filing an action for mandamus (<u>Mass. Gen. Laws Ann</u>. Ch. 272, § 99 [West 1996]).

## Summary

Due to the <u>*actual injury*</u> being caused to Plaintiff, the <u>*imminent injury*</u> to other Massachusetts consumers, the <u>*imminent injury*</u> to the consumers of several other jurisdictions within the United States, the <u>*continuing potential for mischief,*</u> and under the <u>*Public Policy Doctrine,*</u> Plaintiff seeks that this Honorable Court:

(a) order the Attorney General to enforce part or all of the 2005 Agreement between Western Union and Forty-eight Attorneys General of Forty-eight states and D.C., including the Commonwealth of Massachusetts, the *prima*

*facie* intention of which is to protect citizens and consumers from further abuses at the hands of Western Union (<u>Exhibit A</u>);

and/or

(b) enjoin part or all of that same Agreement;

(c) make the Plaintiff whole again; and

(d) protect other consumers from a repeat performance.

# Relief Sought

Plaintiff petitions this Honorable Court to:

1. Order the Attorney General of the Commonwealth of Massachusetts to enforce the 2005 *Agreement* between its Office and Western Union, particularly, but not exclusively, Section 11 which reads:

"Whenever a U.S. consumer advises or complains to Western Union that a money transfer has been induced by fraud or deception, the Company, where practicable, will seek the consumer's permission to <u>share the complaint information with the United States law enforcement officials</u>, and will <u>upon request of the appropriate Office of the Attorney General provide the available complaint information, promptly and in electronic form, to the Office of the Attorney General in the State in which the consumer resides</u> and, if known, where the recipient is located; ... By available complaint information is meant the following information relating to transactions from computer equipped agents which is regularly collected and stored in the Company's consumer fraud database: the name, address and telephone number of the transferor; the date and amount of the transfer; the designated recipient, <u>the identification, if any, presented by the recipient of the transfer</u>; the date and actual location of receipt; and the nature of the consumer's complaint (Section 11, emphasis added)."

2. Grant declaratory and/or injunctive and/or mandamus and/or enjoinment and/or affirmative relief re the *Agreement* and/or policy at the center of such *Agreement* (especially *Footnote One* which forbids and precludes consumer litigation), and whatever else this Honorable Court deems right and just;

3. Rule that Plaintiff be made whole again by Western Union, i.e., reimburse Plaintiff $9,105 (triple damages of $3035) for lost monies, for Court Costs, for Service of Process, and for professional consultations.

4. Grant Exemplary/Punitive Damages of $48,000,000 against Western Union for violation of its 2005 Agreement with forty-eight Attorneys General in the U.S., including misrepresentation, failure to execute and exercise good faith in *Agreement* re information *regularly collected and stored in the Company's consumer fraud database* and failure to seek the consumer's permission to share the complaint information with the United States law enforcement officials- such monies to be distributed back to consumers as the Court deems feasible, i.e., <u>this benefit would not go to the Plaintiff but rather to reimburse society for the outlay it makes to protect its citizens</u> (<u>Spokane Truck and Dray Co. v. Hoefer</u>, 2 Wash. 450, 25 Pac. 1072 (1891).

5. Any other action which this Honorable Court deems proper.

Respectfully submitted,

Robert J. Gallagher, pro se
508-207-0482

_____        12/06/2010
                                  _____
                                  Date

DEE RICH
Notary Public
Commonwealth of Massachusetts
My Commission Exp. March 26, 2016

Dee Rich

## Notarization

## Certification

I hereby certify that Service of Process has been executed upon The Attorney General of Massachusetts and upon Western Union according to the Time Table and Procedure of U.S.D.C. as to pro se plaintiffs.

Robert J. Gallagher, pro se
508-207-0482

_____        Date: _____